999 F.2d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Baw LEE, Defendant-Appellant.
 No. 92-10625.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 17, 1993.
Decided July 6, 1993.
 
 Before: LAY,* HUG and SCHROEDER Circuit Judges.
 MEMORANDUM**
 Appellant Baw Lee appeals his sentence under the Sentencing Guidelines for conspiracy, attempt, and the actual bringing of illegal aliens to the United States for the purpose of commerical advantage or private financial gain, in violation of 18 U.S.C. § 371, 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2. Lee challenges enhancements made to his offense level calculation for (1) obstruction of justice under U.S.S.G. § 3C1.1 (1991) and (2) importation of a large number of aliens under U.S.S.G. § 2L1.1, comment. (n. 8) (1991).
 
 
 1
 The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm the district court's enhancement for obstruction of justice, vacate its enhancement based on the number of aliens involved in the offense and remand for recalculation of the sentence.
 
 I.
 OBSTRUCTION OF JUSTICE
 
 2
 The district court imposed a two-point enhancement on Lee's base offense level for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, on the ground that Lee had instructed his passengers to falsely tell U.S. immigration officials that they had been rescued from a distressed ship in the Pacific Ocean and brought to Hawaii as an act of mercy. Lee challenges this enhancement.
 
 
 3
 Section 3C1.1 provides: "If a defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." Lee argues that his conduct will not sustain an enhancement under this section because he instructed his passengers to lie to immigration officials prior to their arrival in Hawaii and to the initiation of an investigation. We disagree.
 
 
 4
 Section 3C1.1 is clearly intended to penalize conduct which obstructed the administration of justice during the investigation of the convicted offense. Nothing in the language of this section indicates that such conduct could not have occurred before the investigation began. Where, as in this case, a defendant's conduct was calculated to impede an anticipated investigation and actually did so, it may reasonably be concluded that such conduct obstructed justice "during the investigation."
 
 
 5
 We note that in the recent case of United States v. Ford, 989 F.2d 347 (9th Cir.1993), we vacated an enhancement under Section 3C1.1 where the defendant's conduct occurred 10 months before the offense for which he was convicted. We conclude, however, that Ford is inapposite. In Ford, the defendant hid various business records 11 months before he committed the offense of filing a false tax return. Id. at 351-52. Unlike the defendant in Ford, Lee instructed his passengers to lie to immigration officials while Lee was committing the offense--alien smuggling--and specifically intended those lies to impede a potential investigation. The conduct in the Ford case was quite attenuated by remoteness in time and did not involve the specificity present in this case.
 
 II.
 NUMBER OF ALIENS
 
 6
 The district court also imposed a four-point upward departure pursuant to U.S.S.G. § 2L1.1, comment. (n. 8) (1991), on the stated ground that the fifty-one aliens smuggled by Lee represented a particularly large number.[1] Lee does not challenge the court's authority to depart upward because of the number of aliens involved. He does argue, however, that the four-point departure represented a penalty for his role in the offense--a circumstance for which he was already penalized under U.S.S.G. § 3B1.1. Lee points to the fact that the district court relied on the same number of aliens to impose an upward departure in offense level of Lee's subordinate crewman and co-defendant, Tung-Sheng Yueh, but in that case departed only two points.
 
 
 7
 After reviewing the sentences imposed in both cases, we conclude that the court's four-point upward departure in Lee's offense level improperly reflected his role in the offense. We believe that by giving Lee a four-point increase and Yueh a two-point increase based on their participation in the same smuggling operation, which involved the same number of aliens, the district court implicitly penalized Lee for his role as captain of the ship. We believe that this was improper for two reasons. First, although the commentary to Section 2L1.1 authorizes an upward departure based on the number of aliens involved in a smuggling operation, it does not indicate that this departure should differ between codefendants based on their relative culpability. Where the number of aliens involved in a smuggling operation is the basis of an upward departure under U.S.S.G. § 2L1.1, comment (n. 8) (1991), that increase should be the same for all defendants participating in that operation.
 
 
 8
 Second, a district court may not base an upward departure on a factor which has already been considered by the Sentencing Commission. See United States v. Nuno-Para, 877 F.2d 1409, 1413-14 (9th Cir.1989). Because Lee's role in the smuggling operation is accounted for under U.S.S.G. § 3B1.1, and because it served as the basis for a three-point increase to his offense level under that section, it was improper for the district court to consider it when imposing the four-point upward departure. Accordingly, we remand the case for reconsideration of the upward departure without reference to this improper factor. See Nuno-Para 877 F.2d at 1414-15.
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This commentary states: "The Commission has not considered offenses involving large numbers of aliens or dangerous or inhumane treatment. An upward departure should be considered in those circumstances." This commentary was superseded on November 1, 1992 by U.S.S.G. § 2L1.1(b)(2), which provides in part for a four-point increase where 25 to 99 aliens are involved